REGAN, Judge.
The plaintiff, Virgil C. Brown, filed this suit against the defendant, George O. Swin-dell, endeavoring to recover the sum of $403.00, representing a veterinarian’s' fee and damages which he asserts were incurred as a result of the unjustified shooting of his pet dog by the defendant.
The defendant answered and admitted that he shot the dog but insisted that his actions were fully justified. He then reconvened in an endeavor to recover the sum of $999.99, representing the amount of damages which he asserts were sustained as a result of being placed in fear of bodily harm as a result of the menacing attitude of the dog.
The defendant’s wife, Mrs. Swindell, then intervened herein and also sought damages in the amount of $999.99 predicated upon a cause of action similar to that asserted in her husband’s reconventional demand.
The lower court rendered judgment in favor of the plaintiff in the amount of $96.00, which represented the veterinarian’s fee, and dismissed both the intervention and the reconventional demand. From that judgment, the defendant and his wife have prosecuted this appeal.
The record reveals that on the morning of June 15, 1965, at approximately 2:00 *434 A.M., the defendant’s wife was awakened by the barking of a dog. She opened the front door and noticed the plaintiff’s small dog on her front lawn which she endeavored to “shoo away”. She then laboriously testified that the animal bared his teeth and moved in such a menacing manner so as to indicate that he might attack her. Mrs. Swindell then called her husband,[1] who had been sleeping, and he immediately came to her assistance armed with a pistol, placed himself in front of her, and then shot the dog.
The record reflects that the dog was shot twice. The bullets caused a flesh wound in one leg and a severe injury to its left hind leg which eventually required the amputation thereof.
The uncontradicted evidence clearly discloses that Mrs. Swindell was standing in her doorway at the time of the alleged assault by the small dog, which never moved from her front lawn. There was no suggestion or intimation that the dog possessed any vicious propensities, and the record reveals that Mrs. Swindell had seen it in the neighborhood on many occasions.
When the defendant came to his wife’s assistance, he too was in the doorway of their residence, and the dog was still in its original position on the front lawn. The evidence does not support the defendant’s contention that the dog was in the process of attacking his wife. On the contrary, the evidence discloses that the dog remained on the front lawn and never made any significant movements in the direction of the Swindells, who, to reiterate, were standing in the doorway of their residence.
Under these circumstances, any fear caused to the defendant or Mrs. Swin-dell by the dog could easily have been allayed by simply closing the front door. The record fails to disclose whether the defendant shot the dog in the heat of anger after being awakened from his sleep. In any event, his actions in shooting the animal were unreasonable since neither he nor his wife were exposed to any danger; therefore, neither are entitled to recover any damages therefor.
We are convinced that the plaintiff’s claim for damages caused by the embarrassment and humiliation which he insists he has experienced as the result of possessing a three legged dog is without merit. Such an element of damages is not recoverable in Louisiana.
The trial court awarded the plaintiff the sum of $96.00 which he had actually expended in having the animal treated by a veterinarian, and the record adequately supports this award.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. The defendant never appeared herein as a witness, the excuse being the nature of his work required his presence on the day of the trial hereof.